# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GUOPING JI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:06CV01174 MLM |
| ALBERTO GONZALES, et al, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss Case, or alternatively, for Remand filed by Defendants Alberto Gonzales, Michael Chertoff, Emilio T. Gonzalez, and Robert S. Mueller (jointly, "Defendants"). Doc. 6. Plaintiff has filed a Response. Doc. 8. Defendants have filed a Reply. Doc. 9. Also before the court is the Motion for Hearing filed by Plaintiff Guoping Ji ("Plaintiff"). Doc. 10. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 7.

## BACKGROUND

Plaintiff is a lawful permanent resident of the United States (Pl. Pet. 1, 3). On April 11, 2005, he filed an Application for Naturalization (the "Application") with the United States Citizenship and Immigration Services ("USCIS"). To begin the naturalization process, an applicant files Form N-400, "Application for Naturalization" with the USCIS. 8 U.S.C. §§ 1445(a), (d); 8 C.F.R §§ 316.4, 334.2. Once it receives the application, the USCIS must then conduct a background investigation of the applicant. 8 C.F.R. §335.1. The USCIS effects its investigation, using three processes: (i) the

Interagency Border Inspection System ("IBIS") name check, (ii) the FBI fingerprint check, and (iii) the FBI name check. 8 C.F.R. §335.2. Once the investigation is complete and the USCIS has received a "definitive response" from the FBI, the USCIS is required to interview the applicant. 8 U.S.C. § 1446(b); 8 C.F.R. § 335.2. As part of the interview, the USCIS tests the applicant's English language proficiency and knowledge of American history and government. 8 C.F.R. §312.3(a). In their Reply Brief, Defendants state that to hasten the naturalization process, the USCIS routinely conducts the interview before the background investigation is complete. Doc. at 4.[1]

A USCIS officer interviewed Plaintiff on November 1, 2005, and determined that he passed the tests for United States history, government, and the English language. In April and August 2006, Plaintiff was advised that a final determination could not be made on his Application because the background checks had not cleared and because his name check was still pending. To date the FBI has not yet completed Plaintiff's criminal background check. Thus, the USCIS has not yet adjudicated Plaintiff's Application.

8 U.S.C. § 1447(b) provides as follows:

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiff filed a Petition for Hearing on Naturalization Application Under 8 U.S.C.§ 1447(b)

---

[1] While Defendants describe the frequency with which the USCIS's conducts the applicant's interview before the FBI has completed background checks as a "sometime" occurrence, the court notes that case law demonstrates this order reversal happens more routinely.

in which he requests this court enter an order adjudicating his Application or, in the alternative, to remand the matter and require the USCIS to adjudicate his Application within thirty days. Doc. 1, Pet. at 23. In their Motion Defendants contend that Plaintiff has failed to state a cause of action and that, therefore, Plaintiff's cause of action should be dismissed pursuant to Rule 12(b)(6). Defendants alternatively request that the court remand this matter for adjudication without a time deadline.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its]claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

## DISCUSSION

The parties do not dispute that 120 days have elapsed since Plaintiff was interviewed by the USCIS and that § 1447(b) confers jurisdiction on the district court 120 days "after the date on which [an] examination is conducted." In support of their Motion to Dismiss Defendants argue that

Plaintiff's background investigation has not yet been completed by the FBI; that "examination" under § 14447(b) encompasses the entire background investigation of an applicant for naturalization; that "examination" will not be complete until Plaintiff's background check has been reviewed; that, therefore, the 120 period described in § 1447(b) has not commenced to run; and that under such circumstances Plaintiff has failed to state a cause of action. In further support of their position regarding the meaning of "examination" under § 1447(b) Defendants rely upon Danilov v. Aguirre, 370 F.Supp. 2d 441 (E.D. Va. 2005). Defendants also argue that the delay in Plaintiff's background check is not unreasonable; that the delay is unavoidable and is not arbitrary or capricious; and that the USCIS is awaiting the completion of Plaintiff's background check.

While Defendants characterize their Motion as one to dismiss for failure to state a cause of action, this court cannot reach the issue raised by Defendants without determining whether the court has subject matter jurisdiction. Defendants' motion hinges on the meaning of "examination" under § 1447(b). If Defendants' interpretation of "examination" is correct this court does not have subject matter jurisdiction over Plaintiff's cause of action because § 1447(b) confers such jurisdiction only when "examination" is complete. [2]

Plaintiff disagrees with meaning which Defendants ascribe to "examination" under § 1447(b). Plaintiff contends that "examination" occurs when an applicant is initially interviewed by the USCIS, not when the entire investigation is complete. Plaintiff further contends that he was interviewed on

---

[2] This court has the obligation to *sua sponte* review whether subject matter jurisdiction exists. Federal subject matter jurisdiction must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking. Alumax Mill Products, Inc. v. Congress Financial Corporation, 912 F.2d 996, 1002 (8th Cir. 1990). Unlike state courts, federal courts are courts of limited, not general, jurisdiction. For that reason, every federal court has the obligation to satisfy itself of its own jurisdiction. Alumax, 912 F.2d at 1002.

November 1, 2005; that an excess of 120 days have expired since this interview took place; and that, therefore, § 1447(b) confers jurisdiction on this court to determine Plaintiff's application. Plaintiff further contends that Danilov, cited by Defendants, conflicts with both the clear meaning of §1447(b) and with the majority of other opinions on point. This court must determine, therefore, the meaning of the term "examination" within the statutory scheme of the applicable statutes. In the event the court should agree with Plaintiff and conclude that "examination" encompasses only the interview, the 120 day period of § 1447(b) commenced to run on the date Plaintiff was initially interviewed by the USCIS. Under such circumstances, this period has long since expired and this court, therefore, has subject matter jurisdiction and, consequently, Plaintiff has stated a cause of action under §1447(b).

**A.      District Court's Subject Matter Jurisdiction:**

For federal court jurisdiction to be proper, Congress must have expressly granted jurisdiction. Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997). In expressly limiting district court jurisdiction in the naturalization process, Congress has given the Attorney General "the sole authority to naturalize persons." 8 U.S.C. § 1421(a). "Judicial deference to the executive branch is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (quoting INS v. Abate, 485 U.S. 94, 110 (1988)). See also Palomino v. Ashcroft, 354 F.3d 942, 944 (8th Cir. 2004) ("[S]ome deference is appropriate in the immigration context because sensitive political decisions with important diplomatic repercussions may be involved"). Congress, however, has given district courts jurisdiction in the naturalization context when the USCIS fails to decide an application for naturalization "before the end of the 120-

day period after the date on which the examination is conducted.[3] § 1447(b). Under such circumstances the district court may "determine the matter or remand the matter, with appropriate instructions, to the Service." Id.

In Danilov, as in the matter under consideration, the USCIS interviewed the plaintiff and more than 120 days elapsed after the interview without the USCIS's deciding the plaintiff's application. Danilov, 370 F. Supp. 2d at 442. The Danilov court held that the statutorily required "examination" encompasses all background investigations conducted by the USCIS and the FBI; that the examination is complete when the investigation and examination of an applicant is completed; and that, therefore, the 120 days period of § 1446(b) is not triggered until the investigation *and* examination of an applicant are completed. Id. at 443-44. The court in Danilov concluded, therefore, that the district court did not have subject matter jurisdiction.[4] For the following reasons, however, this court does not find the reasoning of Danilov persuasive.

First, the plain language of 8 U.S.C. § 1447(b) suggests that an "examination" is a distinct, single event, and not an ongoing process which encompasses an interview as well as a background investigation. Section 1447(b) gives a district court jurisdiction over a naturalization case "[i]f there is a failure to make a determination [on an application] before the end of the 120-day period after *the date* on which the examination is *conducted.*" (emphasis added). The implication of this language

---

[3] Congress has also given district courts jurisdiction in the naturalization context when the USCIS has denied an applicant's naturalization application. If, after an administrative hearing before an immigration officer, the officer upholds the agency's denial, then the applicant may then seek a de novo review of the decision in the district court. 8 U.S.C. §§ 1421(c), 1447(a).

[4] Upon concluding that "examination" is an ongoing process, the court in Danilov relied on § 1446(b)'s provision for the issuance of subpoenas as part of the "examination." Id. at 444. The court also relied on the requirement that the FBI complete a background investigation of the applicant. Id. at 443-44

is that the "examination" occurs on a "particular, identifiable date." El Daour v. Chertoff, 416 F. Supp.2d 679, 681 (W.D. Pa. 2005).

Further, if the "examination" was an ongoing process, the 120 day adjudication time limit that Congress has imposed on the USCIS would become meaningless as there would be no "date" upon which the examination is "conducted." Also, in describing the stages of the naturalization process, the statutory scheme uses two distinct words, "examination" and "investigation." 8 U.S.C. § 1446(a) addresses the "investigation" of the applicant while in 8 U.S.C. § 1446(b) addresses the "examination." Use of these distinct terms indicates that "examination" and "investigation" are not one continuous event but are instead distinct and separate events. As such, interpreting the word "examination" as a process, rather than as a specific date, does not comport with the plain language. of § 1447(b).

Second, the USCIS's Regulations support a conclusion that an "examination" occurs at the time of the interview for purposes of § 1447(b). Section 335.1 of the Regulations addresses the "investigation" by the USCIS while § 335.2 addresses the "examination." 8 C.F.R. § § 335.1, 335.2. Also, in describing the applicant interview § 335.2 (a) and (c) refer to the meeting between the applicant and a USCIS officer as an "examination." [5] 8 C.F.R. § § 335.2(a) and (c). Using the word

---

5    8 C.F.R. § 335.2 provides, in relevant part:

   (a) General. Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization. ...

   (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal

"examination" to describe the applicant's appearance, in person, before a USCIS officer suggests that the term "examination" as used in the statutory scheme references the interview. See El-Daour, 417 F. Supp.2d at 682-83 (holding that § 335.2 equates "'examination' with the 'interview' conducted by the Service officer"). Moreover, § 335.2(b) addresses the investigation as a event which is distinct from the "examination" as it states that "criminal background checks" are to take place "before examination." [6]

Third, as noted by the court in El-Daour, 417 F. Supp.2d at 680, in Danilov, upon which case Defendants rely, the district court did not have the benefit of "a response by the naturalization applicant to the defendants' argument that subject matter jurisdiction [was] lacking." Fourth, "the Danilov court's interpretation of 'examination' and that advocated by the Defendants here, is contrary to that given by other courts." Id. (citing Sweilem v. United States Citizenship and Immigration Servs., 2005 WL 1123582 (N.D. Ohio May 10, 2005) (unreported) (finding that an applicant for naturalization, who had sought court relief under § 1447(b) because of a failure to issue a decision before the expiration of 120 days after the examination, was "examined for citizenship" for purposes of § 1447(b) on the date of the interview); Ogunfuye v. Acosta, 2005 WL 1607034 (S.D. Tex. July 1, 2005) (unreported) (finding, where plaintiff claimed that more than 120 days had elapsed after her date of examination before the USCIS without an adjudication on her eligibility, that the plaintiff

---

background check of an applicant has been completed. ...

(c) Procedure. Prior to the beginning of the examination, the Service officer shall make known to the applicant the official capacity in which the officer is conducting the examination. The applicant shall be questioned, under oath or affirmation, in a setting apart from the public. ...

[6]   See n. 5, above.

could not prove that her "examination" occurred because she was arrested upon arriving for her interview and was never in fact interviewed); Castracani v. Chertoff, 337 F. Supp.2d 71 (D.D.C. 2005) (finding, for purposes of assessing whether 120 days have lapsed since the date of the examination without a resolution on an application, that the plaintiff had been "examined" on March 25, 2003, the date of his appearance for the interview with the USCIS agent).[7] See also Khelifa v. Chertoff, 433 F. Supp.2d 836, 840-41 (E.D. Mich. 2006) ("Danilov's reading of the statute [] has failed to garner the support of the other district courts that have considered this issue") (citing El-Daour, 417 F. Supp.2d at 681; Daami v. Gonzales, 2006 WL 1458762, at *5 (D.N.J. May 22, 2006); Al-Kudsi v. Gonzales, 2006 WL 752556, at *2 (D.Or. Mar. 22, 2006); Essa v. United States Citizenship and Immigration Servs., 2005 WL 3440827, at *2 n.2 (D. Minn. Dec. 14, 2005)).

Based on the above stated reasons, this court joins with the majority of district courts and holds that the "examination" to which 8 U.S.C. § 1447(b) refers occurs when the applicant is interviewed by the USCIS. See e.g. Khelifa v. Chertoff, 433 F. Supp.2d 836, 841 (E.D. Mich. 2006); El-Daour, 417 F. Supp.2d 679, 681 (E.D. Va. 2005). As such, the court further finds that over 120 days have elapsed since the USCIS interviewed Plaintiff and that as a result this court has subject matter jurisdiction over the issues raised in Plaintiff's Petition for Hearing on Naturalization Application Under 8 U.S.C. §1447(b). Because Plaintiff's "examination" has taken place and because the 120 day period of this section has long since expired, the court further finds that Plaintiff has stated a cause of action pursuant to § 1447(b). The court finds, therefore, that Defendants' Motion to Dismiss for failure to state a cause of action should be denied.

---

[7] The court notes that in addition to Danilov, 370 F. Supp.2d 441, Damra v. Chertoff, 2006 WL 1786246 (N.D. Ohio 2006), holds that "the 'examination' of an application for naturalization is a process, not an isolated event; and that process includes all facets of the USCIS background investigation, including the FBI's criminal background investigation."

**B.     Remand:**

Should the court reject Defendants' position regarding the meaning of "examination" and accept Plaintiff's position in this regard, Plaintiff requests that this court adjudicate Plaintiff's Application or, in the alternative, remand this matter to the USCIS and order immediate adjudication of Plaintiff's Application. The court has found above that the "examination" as described in §1447(b) has taken place and that it has subject matter jurisdiction. However, Plaintiff's background check, which is a prerequisite for adjudication, has not yet been completed.

Under 8 U.S.C. § 1447(b), once a court establishes that it has subject matter jurisdiction, the court has the option of either conducting a hearing to decide the matter or of remanding the matter to the USCIS with appropriate instructions. This court finds that the latter option is appropriate in the matter under consideration.

"Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002). Furthermore, "judicial deference to the Executive Branch is especially appropriate in the immigration context." I.N.S. v. Aguirre-Aguirre, 526 U.S.415, 425 (1999).

A district court, moreover, is not equipped to conduct a background investigation. El-Daour, 417 F. Supp.2d at 684. In addition, Congress intended that an FBI background investigation be completed before the USCIS makes a decision regarding an application. This court's conducting a hearing in this matter prior to the FBI's completion of its investigation would contravene this intent. Essa, 2005 WL 3440827, at *2. Therefore, the court finds that it is not appropriate for it to make a determination regarding Plaintiff's Application. As such, the court further finds that this matter should be remanded to the USCIS for determination of Plaintiff's Application.

Plaintiff requests that if the court remands that it direct the USCIS to make a determination regarding the Application within thirty days. Plaintiff's frustration over the delay in the processing of his Application is understandable. The court, however, is aware of the burdens under which the USCIS operates in the post 9/11 era. Decl. M. Cannon 6-7. Therefore, the court finds unreasonable Plaintiff's request that his Application be decided within in thirty days. Accordingly, the court will order that Plaintiff's Application be decided as expeditiously as possible but in no event later than thirty days after the FBI completes Plaintiff's background check.

## CONCLUSION

For the reasons more fully set forth above, the court finds that "examination" to which 8 U.S.C. § 1447(b) refers occurs when the applicant is interviewed by the USCIS; that 120 days have passed since Plaintiff was interviewed; that under such circumstances this court has subject matter jurisdiction; and that, therefore, Defendants' Motion to Dismiss for failure to state a claim should be denied. The court further finds that this matter should be remanded to the USCIS with instructions to make a determination regarding Plaintiff's Application as expeditiously as possible but in no event later than thirty days after the FBI completes Plaintiff's background check.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED**; Doc. 6

**IT IS FURTHER ORDERED** that Defendants' Motion, in the alternative, to Remand is **GRANTED**, with instructions that the USCIS make a determination on Plaintiff's Application as expeditiously as possible but in no event later than thirty days after the FBI completes Plaintiff's

background check. Doc. 6

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing is **DENIED**. Doc. 10.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of November, 2006.